# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROY PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:13-CV-1745-SNLJ |
| | ) |
| JAMES HURLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint [Doc. #1] under 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action, without prejudice, against the John Doe defendants and James Hurley under 28 U.S.C. § 1915(e)(2)(B).  In addition, the Court will dismiss defendants Janet Wilson, Marsha Kiel, Amber Grote, Donna Kearse, Dana Jost, and Unknown Hagerty, without prejudice, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The Court is to dismiss the complaint, or any

portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at the Northeast Correctional Center ("NECC"), brings this action pursuant to 42 U.S.C. § 1983 for constitutional violations that occurred at both NECC and the Farmington Correctional Center ("FCC"). Named as defendants are James Hurley (NECC Warden), John Does (NECC "committee members and other staff"), Janet Wilson (NECC mail room employee), Marsha Kiel (NECC mail room employee), Amber Grote (NECC mail room employee), Donna Kearse (NECC Director of Nursing), Dana Jost (FCC medical staff employee), and Unknown Hagerty (FCC employee).

In paragraphs 1-10 of the complaint, plaintiff alleges that "unknown committee members and other staff" at NECC violated his due process rights when they placed him in administrative segregation "in retaliation for winning his violation hearing." In addition, plaintiff alleges that defendant James Hurley "has been made aware of the situation, however, he refuses to take corrective action."

In paragraphs 11-20, plaintiff asserts a claim against defendant Donna Kearse for failing to take corrective action to replace or compensate plaintiff for a pair of eyeglasses, which he claims were broken during his transfer from FCC to NECC.

In paragraphs 21-28 of the complaint, plaintiff asserts a claim for "interference with and/or denial of legal mail" against NECC defendants Janet Wilson, Amber Grote, and Marsha Kiel. In addition, he claims that, while confined at FCC, defendant Hagerty "attempted to harass [him] into ceasing his complaints about mail and intimidate him into not filing grievances."

In paragraphs 29-34, plaintiff alleges that upon his arrival at NECC on or about May 23, 2012, he noticed that "some ear buds and cotton shorts were no longer in his property." Plaintiff claims that "staff" accepted responsibility for the lost property, but have failed to replace or compensate him for the loss.

In paragraphs 35-45, plaintiff alleges that "medical staff" and Dana Jost failed to provide him necessary medical care during his confinement at FCC.

## Discussion

### 1. **Permissive Joinder**

At issue is whether the defendants are properly joined in the instant lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

The allegations in paragraphs 1-10 of the complaint do not pertain to the same defendants and/or arise out of the same series of transactions and occurrences as those set forth in the remaining paragraphs. Indeed, the alleged occurrences took place at two different correctional facilities. As a result, defendants are not properly joined under Rule 20(a)(2).

Because plaintiff's allegations first address his claims against the John Doe defendants and Warden James Hurley, and because defendants are not properly joined under Rule 20(a)(2), the Court will dismiss this action without prejudice as to defendants Janet Wilson, Marsha Kiel, Amber Grote, Donna Kearse, Dana Jost, and Unknown Hagerty.  If plaintiff wishes to bring claims against these defendants, he must file a separate complaint(s) against them, in compliance with the Federal Rules of Civil Procedure.

>   2.  **28 U.S.C. § 1915(e)(2)(B) - John Doe defendants and James Hurley**

Plaintiff alleges that "unknown committee members and other staff" at NECC retaliated against him, in violation of his due process rights, and that defendant James Hurley was aware of the situation but refused to take corrective action.

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  In the case at hand, the complaint does not contain specific allegations that would permit the identity of the "unknown committee members and other staff" at NECC to be ascertained after reasonable discovery.  These particular "John Doe" defendants are both unidentified and indeterminate in number.  This is not permissible. *See Estate*

*of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).  As such, the complaint will be dismissed as legally frivolous as to the John Doe defendants.

Moreover, the Court notes that plaintiff is bringing this action against defendant Warden James Hurley in his official capacity.  *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri; however,"neither a State nor its officials acting in their official capacity are 'persons' under § 1983."   *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to James Hurley.

As an additional ground for dismissing this action against Warden Hurley, the Court notes that the respondeat superior theory of liability is inapplicable in § 1983 suits.  *See  Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y.

Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

For these reasons, the Court will dismiss this action without prejudice as to the John Doe defendants and Warden James Hurley.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED**  that defendants Janet Wilson, Marsha Kiel, Amber Grote, Donna Kearse, Dana Jost, and Unknown Hagerty are **DISMISSED** without prejudice, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to the John Doe defendants and Warden James Hurley, the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Roy Phillips v. James Hurley, John Does ("unknown committee members and other staff" at NECC), Janet Wilson, Marsha Kiel, Amber Grote, Donna Kearse, Dana Jost, and Unknown Hagerty.*

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of September, 2013.

                                                  UNITED STATES DISTRICT JUDGE