UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROY PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV1745 SNLJ |
| | ) | |
| JAMES HURLEY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motions to dismiss. The motions have been fully briefed and the matter is ripe for disposition.

**I.   Background**

Plaintiff Roy Phillips, an inmate at the Northeast Correctional Center[1] ("NECC"), filed this action pursuant to 42 U.S.C. §§ 1983 and 1985 against Missouri Department of Corrections employees James Hurley, Larry Allen, Tyree Butler, Kristin Cutt, John Hagerty, Janet Wilson, Marsha Kiel, Amber Grote, Donna Kearse, and Dana Jost. Plaintiff sued defendants in both their individual and official capacities. Plaintiff's amended complaint includes five counts: Count I alleges violations regarding plaintiff's placement in administrative segregation; Count II alleges a failure to replace broken eye glasses; Count III alleges interference with legal mail; Count IV alleges failure to replace or compensate for lost property (ear buds and cotton shorts); and Count V alleges failure

---

[1] Plaintiff was previously incarcerated at Farmington Correctional Center ("FCC"). Plaintiff's claims arise out of issues at NECC and FCC.

to provide necessary medical care. Upon review of plaintiff's motion for leave to file the amended complaint, this Court previously dismissed the following claims: (1) the official capacity claims against Kearse, Jost, Butler, Cutt, and Allen; (2) the loss of property claims relative to the ear buds and cotton shorts stated in Count IV; and (3) the § 1985 claims. The Court allowed the filing of the amended complaint and issued service of process on plaintiff's remaining § 1983 claims based on alleged violations of plaintiff's First, Eighth and Fourteenth Amendment rights. Thereafter, plaintiff's claims against Janet Wilson were dismissed for failure to serve process as required by Federal Rule of Civil Procedure 4(m).

There are three pending motions to dismiss. Defendants Hurley, Butler, Cutt and Allen filed a motion to dismiss Count I for failure to exhaust administrative remedies. Defendant Hurley filed a motion to dismiss Count II for failure to state a claim. Finally, defendants Kiel, Grote, Hagerty, and Hurley filed a motion to dismiss Count III for failure to exhaust administrative remedies and failure to state a claim.

## II. Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content

. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

### III. Discussion

#### A. Motion to Dismiss of Defendants Hurley, Butler, Cutt, and Allen

Defendants Hurley, Butler, Cutt, and Allen move to dismiss the claims in Count I of the amended complaint for failure to exhaust administrative remedies. The Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005). Accordingly, "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court." *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003). "Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." *Id.* "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.*

The Missouri Department of Corrections ("MDOC") has developed an administrative grievance procedure for inmates to internally grieve complaints against MDOC and its staff; the procedure requires that the inmate file an informal resolution request, an inmate grievance, and, finally, an inmate grievance appeal. *See Foulk v. Charrier,* 262 F.3d 687, 694 (8th Cir. 2001); *Dashley v. Corr. Med. Serv.,* 345 F.Supp.2d 1018, 1022–23 (E.D. Mo. 2004). Not only is the inmate required to exhaust the administrative remedies available to him under PLRA, but he is required to properly exhaust those administrative remedies. *Woodford v. Ngo,* 548 U.S. 81, 93 (2006).

In Count I of the amended complaint, plaintiff alleges the defendants retaliated against him by placement and continuation in administrative segregation for prevailing on a conduct violation hearing. Plaintiff alleges he was confined in administrative segregation for more than 120 days without cause in violation of his Eighth and Fourteenth Amendment rights. Defendants have provided the Court with affidavit testimony that plaintiff did not file a grievance with regard to his placement, or the continuation of his placement, in administrative segregation.

In response, plaintiff concedes that he failed to exhaust his administrative remedies with one exception. Plaintiff argues that his amended complaint includes claims under the Missouri constitution and that the exhaustion requirement does not apply to his state law claims. Plaintiff's amended complaint, however, alleges only § 1983 claims. Any references to violations of the state constitution do not state a claim under § 1983. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000); *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995). "Section 1983 guards and vindicates federal rights

4

alone." *Id.* Further, if plaintiff intended to allege any state law claim in his amended complaint, separate from his § 1983 claims, he has not done so.

The Court finds that it is undisputed that plaintiff failed to exhaust his administrative remedies with regard to his claims in Count I of the amended complaint. The Court notes that it has relied on materials outside the pleadings in coming to its conclusion that plaintiff has not exhausted his administrative remedies. Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Court has discretion to consider such materials in a Rule 12(b)(6) motion to dismiss and convert the motion to one for summary judgment. Rule 12(d) provides that the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Here, plaintiff responded to the defendants' motion and did not dispute the evidence offered by defendants. Summary judgment will be entered in favor of defendants as to the claims in Count I of the amended complaint.

###    B.    Motion to Dismiss of Defendant Hurley

Defendant Hurley moves to dismiss the claims against him in Count II of the amended complaint for failure to state a claim upon which relief can be granted. In Count II of the amended complaint, plaintiff alleges that defendants Hurley and Kearse[2] failed to replace his broken eye glasses with a reasonable substitute thereby wrongfully depriving him of his property and depriving him of the ability to read resulting in missed appointments for necessary medical treatment and denying him the ability to follow written directions regarding his medical treatment. Defendant argues that plaintiff's

---

[2] Defendant Donna Kearse has not been served with process.

claim is a deprivation of property claim that should be dismissed because he has an adequate remedy under state law. Further, defendant contends that to the extent plaintiff is alleging deliberate indifferent to his serious medical needs he has only alleged a disagreement with staff about the sufficiency of the glasses, which is not actionable. Finally, defendant alleges that plaintiff's attempt to state a claim against him as a supervisor fails because he was not personally involved in replacing plaintiff's glasses.

In his response to the motion, plaintiff asserts defendant is mischaracterizing the claim in Count II and that it is not a property deprivation claim. Instead, plaintiff alleges he has been deprived of a "like pair" of glasses, which "refers to functionality." Contrary to defendant's contention, plaintiff's allegations appear to go beyond mere disagreement with staff about the sufficiency of the glasses. Instead, he alleges that the replacement glasses were not functional and he missed various medical appointments and necessary medical treatment regarding his eyes and back because he was unable to read the call out sheet. For these reasons, he contends defendants were deliberately indifferent to his serious medical needs by failing to provide him with functional glasses.

"'Serious medical need' has been defined as a medical need which 'has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir.1995) (quoting *Johnson v. Busby,* 953 F.2d 349, 351 (8th Cir. 1991); *see also Simmons v. Cook,* 154 F.3d 805, 807–08 (8th Cir. 1997) (quoting *Moore v. Jackson,* 123 F.3d 1082, 1086 (8th Cir. 1997) ("A medical need is serious if it is obvious to the layperson or supported by medical evidence.")). "To show

6

deliberate indifference, [a plaintiff ] must prove an objectively serious medical need and that prison officers knew of the need but deliberately disregarded it." *Gordon ex rel. Gordon v. Frank,* 454 F.3d 858, 862 (8th Cir. 2006). In *Benter v. Peck*, 825 F.Supp. 1411, 1416-19 (S.D. Iowa 1993), an Iowa district court found that the refusal to provide a prisoner with a replacement pair of glasses,[3] where his vision without glasses was 20/400 rendering him legally blind, constituted deliberate indifference to a serious medical need. In that case, prison officials withheld the glasses until the prisoner paid $12.40 as payment for the glasses. *Id.* at 1415-16. The prisoner refused to pay believing the institution should bear the cost. *Id.*

This Court finds the Iowa district court's decision persuasive and agrees that the failure to provide functioning replacement eye glasses could constitute deliberate indifference to a serious medical need under certain circumstances. Here, plaintiff's pleading is sufficient to survive a motion to dismiss.

Having made the foregoing determination, the Court must address Hurley's argument that plaintiff fails to state a claim against him as a supervisor fails because he was not personally involved in replacing plaintiff's glasses. "To hold a supervisor liable under § 1983, a plaintiff must allege and show that the supervisor personally participated in or had direct responsibility for the alleged violations. *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993). "Or a plaintiff could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." *Id.* "The supervisor must know about the conduct and facilitate it, approve it, condone it, or

---

[3] The prisoner's glasses were broken in an altercation with a corrections officer.

turn a blind eye for fear of what [he or she] might see." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (internal quotation marks and citation omitted).

In the amended complaint, plaintiff alleges that he and his attorney wrote to Hurley detailing the situation and explaining that the glasses were not functional. Plaintiff further alleges that Hurley was notified that plaintiff could not read the call out sheet causing him to miss various medical appointments and depriving him of necessary medical care regarding his eyes and back. According to plaintiff, Hurley's response was that regardless of why Phillips was not at his appointments, it was construed as refusing medical care and Hurley took no action to remedy the situation. As a result of Hurley's actions and inactions, plaintiff contends he was deprived of the ability to read and receive medical care. The Court finds that plaintiff has sufficiently pled a claim against Hurley so as to survive a motion to dismiss.

Finally, defendant Hurley contends that plaintiff's claims that he violated the Missouri constitution should be dismissed. Again, plaintiff's amended complaint alleges only § 1983 claims. Any references to violations of the state constitution do not state a claim under § 1983. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000); *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995). "Section 1983 guards and vindicates federal rights alone." *Id.* Further, if plaintiff intended to allege any state law claim in his amended complaint, separate from his § 1983 claims, he has not done so. To the extent plaintiff attempts to allege violations of the Missouri constitution for his § 1983 claims in Count II of the amended complaint, the motion to dismiss such claims will be granted.

### C. Motion to Dismiss of Defendants Kiel, Grote, Hagerty, and Hurley

Defendants Kiel, Grote, Hagerty, and Hurley move to dismiss the claims in Count III of the amended complaint for failure to exhaust administrative remedies and, in the alternative, for failure to state a claim as to defendants Hagerty and Hurley and any alleged violations of the Missouri constitution as a basis for plaintiff's § 1983 claims.

1. Failure to Exhaust Administrative Remedies

As previously stated, "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court." *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir.2003). In Count III of the amended complaint, plaintiff alleges that defendants Kiel and Grote at NECC refused to deliver mail addressed to plaintiff's attorney marked as legal mail. According to plaintiff, defendants Kiel and Grote claimed that information was missing from the addresses on such legal mail or that postage was due, when in fact such information was present. Plaintiff alleges that he and his attorney advised Hurley of the situation regarding the return of his legal mail but Hurley refused to take corrective action. As to defendant Hagerty at FCC, plaintiff alleges Hagerty threatened him with gestures and verbal threats on numerous occasions in an attempt to harass and chill him into ceasing his complaints about mail and intimidate him into not filing grievances.

In support of their motion to dismiss, defendants filed affidavit testimony regarding plaintiff's alleged issues with his mail. According to that testimony, plaintiff filed multiple complaints regarding issues with his mail but only a few of those complaints pertained to the claims in Count III involving his outgoing legal mail and the alleged verbal abuse and threats by Hagerty. For those complaints, defendants maintain

9

that plaintiff did not exhaust the grievance process. In response, plaintiff admits that he failed to exhaust his administrative remedies as to some of the incidents involving his mail. Plaintiff alleges, however, that some of the fully exhausted grievances "involved various rejections of both incoming and outgoing mail, including legal mail."

Resolution of the failure to exhaust administrative remedies issue requires consideration of documents outside of the pleadings. Pursuant to Rule 12(d), the Court has discretion to consider such materials in a Rule 12(b)(6) motion to dismiss and convert the motion to one for summary judgment. Here, however, in light of the fact that plaintiff does not concede he failed to exhaust his administrative remedies (as he did in response to the motion to dismiss count I) and appears to dispute the affidavit testimony offered by defendants, this Court declines to consider the motion as one for summary judgment. Because defendants' motion to dismiss rests on the affidavit testimony, which has been excluded from consideration, the Court finds no evidence to test the legal sufficiency of the amended complaint on this issue. Viewing the allegations in a light most favorable to plaintiff, the Court accepts as true plaintiff's assertion in paragraph three of the amended complaint that he complied with the grievance procedure available to him at NECC and FCC prior to filing this action. For these reasons, defendants' motion to dismiss the claims in Count III for failure to exhaust administrative remedies will be denied.

2.   Failure to State a Claim - Defendant Hagerty

For his claim against defendant Hagerty, plaintiff's alleges in his amended complaint:

> [W]hile assigned to Farmington Correctional Center, Phillips repeatedly suffered similar deprivations regarding his legal mail from FCC mail room staff to those he would later experience at NECC.
>
> In response to Mr. Phillips' complaints regarding his mail while at FCC, [defendant] Hagerty, attempted to harass and chill Mr. Phillips into ceasing his complaints about mail and intimidate him into not filing grievances on the matter by threatening with gestures and verbal threats on numerous occasions demeaning and humiliating him in front of other staff and inmates

With respect to plaintiff's allegations that Hagerty harassed him in order to dissuade him from filing a grievance about his alleged legal mail issues, plaintiff has not alleged a violation of his constitutional rights. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). "Verbal threats and name calling usually are not actionable under § 1983." *Id.*; *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) ("Verbal threats are not constitutional violations cognizable under § 1983."). The Eighth Circuit has held that "a threat constitutes an actionable constitutional violation only when the threat is so brutal or wantonly cruel as to shock the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right." *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Plaintiff has not pled that the threats were brutal or wantonly cruel as to shock the conscience. Further, plaintiff has not alleged that he was denied access to the grievance procedure. As a result, plaintiff fails to state a claim upon which relief can be granted against defendant Hagerty.

Further, to the extent that plaintiff is attempting to state a retaliation claim, defendant argues the claim fails because plaintiff fails to allege essential elements to support a retaliation claim. To state a claim for retaliation, plaintiff must allege "(1) that he engaged in a protected activity, (2) that the government official took adverse action

taken against him that would chill a person of ordinary firmness from continuing in the activity, and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 7007 F.3d 984, 991 (8th Cir. 2013). The two paragraphs pled against Hagerty fall short of pleading a retaliation claim. In particular, plaintiff does not allege that Hagerty's actions would have chilled a person of ordinary firmness from filing a grievance or other complaint. Further, plaintiff's allegation that Hagerty threatened him with gestures and verbal threats is so vague as to essentially be meaningless.

In response to this issue, plaintiff points out that the amended complaint alleges that he does claim that Hagerty attempted to "harass and chill Mr. Phillips into ceasing his complaints about mail and intimidate him into not filing grievances on the matter by threatening with gestures and verbal threats." Plaintiff fails to offer any case law that this allegation is sufficient to plead a retaliation claim. In fact, plaintiff's amended complaint on this issue, as well as his response to the motion, is woefully inadequate.

For the foregoing reasons, the claim in count III against defendant Hagerty will be dismissed.

3.  Failure to State a Claim – Defendant Hurley

Defendant Hurley argues Count III fails to state a claim against him because he was not personally involved in the return of plaintiff's legal mail. "To hold a supervisor liable under § 1983, a plaintiff must allege and show that the supervisor personally participated in or had direct responsibility for the alleged violations. *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993). "Or a plaintiff could show that the supervisor actually

knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." *Id.* "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (internal quotation marks and citation omitted).

Assuming for purposes of this motion that plaintiff's allegations are true, plaintiff and his attorney advised Hurley of the issues with plaintiff's legal mail and Hurley refused to take corrective action. Hurley was made aware that Kiel and Grote refused to deliver mail addressed to plaintiff's attorney marked as legal mail. Hurley's response was that "it would be certainly much easier for the mailroom staff to simply mail the letter than to go through the process of returning his mail to him." Plaintiff has sufficiently alleged that Hurley knew about the conduct and either approved it, condoned it, and was deliberately indifferent to or tacitly authorized it, such that the claim survives a motion to dismiss.

Finally, defendants contend that plaintiff's claims in Count III that defendants violated the Missouri constitution should be dismissed. As previously stated, plaintiff's amended complaint alleges only § 1983 claims and any references to violations of the state constitution do not state a claim under § 1983. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000); *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995). To the extent plaintiff attempts to allege violations of the Missouri constitution for his § 1983 claims in Count III of the amended complaint, the motion to dismiss such claims will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Hurley, Butler, Cutt, and Allen (ECF # 17) is **GRANTED** as set forth herein and judgment is entered in favor of defendants as to Count I of plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that defendant Hurley's motion to dismiss Count II of the amended complaint (ECF #18) is **DENIED** in part and **GRANTED** in part as set forth herein. The motion is **GRANTED** only to the extent plaintiff alleges violations of the Missouri constitution as a basis for his § 1983 claim.

**IT IS FINALLY ORDERED** that the motion to dismiss of defendants Kiel, Grote, Hagerty, and Hurley (ECF #19) as to Count III of the amended complaint is **DENIED** in part and **GRANTED** in part. The motion is **DENIED** as to defendants Kiel, Grote, and Hurley and **GRANTED** as to defendant Hagerty. Further, the motion is **GRANTED** to the extent plaintiff alleges violations of the Missouri constitution as a basis for his § 1983 claim. As the sole claim against defendant Hagerty is alleged in Count III of the amended complaint, plaintiff's claim against defendant Hagerty is **DISMISSED.**

Dated this 9th day of September, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE