UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13CV1745 SNLJ |
| | ) |
| JAMES HURLEY, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions to set aside partial summary judgment, add party defendants, and amend the first amended complaint. The motions have been briefed and the matter is ripe for disposition. For the following reasons, the Court will grant the motion to set aside partial summary judgment, deny the motion to add party defendants, and grant in part and deny in part the motion for leave to amend the first amended complaint

**I.  Background**

Plaintiff Roy Phillips, an inmate at the Northeast Correctional Center ("NECC"), filed this action pursuant to 42 U.S.C. §§ 1983 and 1985 against Missouri Department of Corrections employees James Hurley, Larry Allen, Tyree Butler, Kristin Cutt, John Hagerty, Janet Wilson, Marsha Kiel, Amber Grote, Donna Kearse, and Dana Jost. Plaintiff sued defendants in both their individual and official capacities. Plaintiff's first amended complaint includes five counts:  count I alleges violations regarding plaintiff's placement, and continuation, in administrative segregation; count II alleges a failure to

replace broken eye glasses; count III alleges interference with legal mail; count IV alleges failure to replace or compensate for lost property (ear buds and cotton shorts); and count V alleges failure to provide necessary medical care.

Upon review of plaintiff's motion for leave to file the first amended complaint, this Court dismissed the following claims: (1) the official capacity claims against Kearse, Jost, Butler, Cutt, and Allen; (2) the loss of property claims relative to the ear buds and cotton shorts stated in count IV; and (3) the § 1985 claims. The Court allowed the filing of the first amended complaint and issued service of process on plaintiff's remaining § 1983 claims based on alleged violations of plaintiff's First, Eighth, and Fourteenth Amendment rights. Plaintiff was allowed to proceed against defendants Hurley, Wilson, Kiel, Grote, Hagerty, Kearse, Jost, Butler, Cutt, and Allen in their individual capacities and, as to the claim for injunctive relief on his claim of interference with legal mail, against defendants Hurley, Wilson, Kiel, Grote, and Hagerty in their official capacities. Thereafter, defendant Janet Wilson was dismissed for plaintiff's failure to serve process as required by Federal Rule of Civil Procedure 4(m).

Subsequently, defendants Hurley, Butler, Cutt and Allen filed a motion to dismiss count I for failure to exhaust administrative remedies. Defendant Hurley filed a motion to dismiss count II for failure to state a claim. Defendants Kiel, Grote, Hagerty, and Hurley filed a motion to dismiss count III for failure to exhaust administrative remedies and failure to state a claim. As to count I, the Court found that plaintiff did not dispute the evidence offered by defendants that he had failed to exhaust administrative remedies as to his claim of unlawful placement, and continuation, in administrative segregation.

2

Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Court converted the motion to dismiss to a motion for summary judgment and entered judgment in favor of defendants as to the claims in count I of the amended complaint. The Court denied the motion to dismiss count II as to the claim against defendant Hurley but granted the motion to dismiss as to the alleged violations of the Missouri constitution as a basis for plaintiff's § 1983 claim. On the motion to dismiss count III, the Court granted the motion as to defendant Hagerty and to the extent plaintiff alleged violations of the Missouri constitution as a basis for his § 1983 claim but denied the motion as to defendants Kiel, Grote, and Hurley. Thereafter, defendants Donna Kearse and Dana Jost were dismissed for plaintiff's failure to serve process as required by Federal Rule of Civil Procedure 4(m).

**II.    Motion to Set Aside Partial Summary Judgment**

Plaintiff moves this Court to set aside the summary judgment entered on count I of his first amended complaint. The Court entered judgment for defendants because plaintiff did not dispute the affidavit testimony submitted by defendants that plaintiff did not file a grievance with regard to his placement, or the continuation of his placement, in administrative segregation. In his response to the defendant's motion to dismiss on this basis, plaintiff argued that his amended complaint included claims under the Missouri constitution and that the exhaustion requirement did not apply to his state law claims. Plaintiff's amended complaint, however, alleged only § 1983 claims and any references to violations of the state constitution do not state a claim under § 1983. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000); *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995).

Accordingly, this Court found that it was undisputed that plaintiff failed to exhaust his administrative remedies with regard to his § 1983 claim in count I of the first amended complaint. Because the Court relied on materials outside the pleadings in coming to its conclusion that plaintiff had not exhausted his administrative remedies, the motion was converted to one for summary judgment and judgment was entered for defendants on count I.

Plaintiff now argues that the summary judgment should be set aside because he had no notice of the conversion and was not given an opportunity to respond to the materials submitted by defendants. Further, plaintiff has submitted an affidavit alleging he attempted to file an Informal Resolution Request (IRR), the first step in the administrative remedy process, by passing notes to correctional officers. Plaintiff argues that failure to exhaust administrative remedies was not a bar to his claim because no such remedies were fairly available to him.

Based on recent Eighth Circuit precedent, it appears that dismissal without prejudice, and not summary judgment, was the proper remedy based on the finding that plaintiff failed to exhaust administrative remedies for his § 1983 claim. *Porter v. Sturm*, no. 13-2729 (8th Cir. March 23, 2015). Accordingly, this Court will set aside the partial summary judgment. Further, based on the allegations in plaintiff's motion and affidavit, the Court will not modify its prior ruling to enter a dismissal without prejudice. Instead, plaintiff will be allowed to proceed with the allegations in count I of the first amended complaint.

### III. Motion to Add Party Defendants

#### A. Kearse and Jost

Plaintiff seeks to add as defendants Donna Kearse and Dana Jost, who were previously dismissed for failure to serve process as required by Federal Rule of Civil Procedure 4(m). In support of this request, plaintiff states only that "counsel for plaintiff has obtained additional information based upon which they believe such defendants *may* personally be served with process, and/or notice of waiving service under FRCP 4(d)." Plaintiff fails to state any reason why service could not be effected on Kearse and Jost in the one year period of time following the filing of the complaint until they were dismissed. Given plaintiff's failure to state good cause or excusable neglect, or any reason, for the failure to serve Kearse and Jost, the Court finds no reason to allow plaintiff to add Kearse and Jost as defendants at this late date.

#### B. Hurley, Kearse, Jost, Kiel, and Grote – official capacity as to claim for injunctive relief

Plaintiff seeks to reinstate his claims against Hurley, Kearse, Jost, Kiel, and Grote in their official capacity as to his claim for injunctive relief. Kearse and Jost are not currently defendants and the Court has determined it will deny plaintiff's request to add them as defendants. As the case stands, the Court previously allowed the filing of the first amended complaint on plaintiff's claims for injunctive relief for the alleged First Amendment violations regarding interference with legal mail as to defendants Hurley, Kiel, and Grote in their official capacities. Plaintiff's request is, therefore, moot. To the extent plaintiff seeks to add a claim for injunctive relief on the claim in the first amended

5

complaint for failure to replace broken eye glasses against defendant Hurley, the Court will grant plaintiff leave to amend his complaint to add that claim. A prisoner may seek injunctive relief in suits against state employees in their official capacity. *Darden v. Missouri Dept. of Corrections*, 2:07CV31 ERW, 2009 WL 87776, at *4 (E.D. Mo. Jan. 12, 2009).

### C. C. Spradley and Stacy Jennings

Plaintiff seeks to add Missouri Department of Corrections employees C. Spradley and Stacy Jennings on the grounds that plaintiff seeks to file supplemental claims against them regarding "new events and episodes of defendants' refusal to allow plaintiff to send out legal mailings." Plaintiff's allegations against Spradley and Jennings are based on events occurring after the date plaintiff filed his first amended complaint. He does not seek to add these defendants as to any pending claims in the first amended complaint. This case has been pending since September 2013 and, at this late date, the Court will not allow the addition of new defendants for new claims occurring after the filing of this action.

### IV. Motion to Amend Complaint to Add Supplemental Claims

Plaintiff seeks to add supplemental claims which occurred after the filing of the first amended complaint including a subsequent placement in administrative segregation and "new events and episodes" of interference with legal mail.

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has

enunciated the following general standard, which is to be employed under Rule 15(a) by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *E.g.*, *Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

### A. New claim regarding placement in administrative segregation

Plaintiff seeks to amend his complaint to add a supplemental claim regarding "a new solitary confinement episode" occurring after this action was filed. In his affidavit in support of the motion to amend, plaintiff alleges he was placed in administrative segregation for twenty-one days without any explanation or justification other than it was for protective custody following an assault on plaintiff by another inmate. This new claim arose out of a set of facts entirely unrelated to the claims in the first amended complaint and occurred after the filing of the first amended complaint. Allowing the addition of this new claim in this action, which has been pending since September 5,

7

2013, would be unduly prejudicial to the defendants in this matter and would result in undue delay of the pending claims. The motion to add this unrelated claim is denied.

      **B.**    **New allegations of interference with legal mail**

Plaintiff seeks to amend his complaint to add a supplemental claim regarding "new events and episodes of defendants' refusal to allow plaintiff to send out legal mailings" occurring after this action was filed. This new claim would require the addition of two new defendants unrelated to the claims in the first amended complaint. The Court has determined it will not allow the addition of two new defendants for claims accruing after the filing of this action. Further, this Court finds that allowing the addition of new claims involving new defendants in this action, which has been pending since September 5, 2013, would be unduly prejudicial to the defendants in this matter and would result in undue delay of the pending claims. The motion to add this claim is denied.

      **C.**    **Hurley – failure to provide necessary medical care claim**

Although not specifically addressed by plaintiff, the proposed second amended complaint adds Hurley as a defendant in the failure to provide necessary medical care claim. Hurley is not named as a defendant for that claim in the first amended complaint. The second amended complaint does not add any new facts on the failure to provide necessary medical care claim as to Hurley. The motion for leave to amend on this basis is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to set aside partial summary judgment (ECF # 50) is **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's motion to add party defendants (ECF #51) is **DENIED**.

**IT IS FINALLY ORDERED** that plaintiff's motion for leave to amend the first amended complaint (ECF #52) is **GRANTED** in part and **DENIED** in part as set forth herein.  The motion is **GRANTED** only to the extent that plaintiff is granted leave to add a claim of injunctive relief against defendant Hurley on the claim in the first amended complaint for failure to replace broken eye glasses.  In all other respects, the motion is **DENIED**.  The filing of the proposed second amended complaint is **DENIED**.  Plaintiff may file a second amended complaint that is consistent with the Court's prior orders and this memorandum and order within seven days.

Dated this 24th day of March, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE