UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13CV1745 SNLJ |
| | ) |
| JAMES HURLEY, et al., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to reconsider plaintiff's motions to add party defendants and amend first amended complaint, or in the alternative, for leave to dismiss without prejudice. The motion has been fully briefed and the matter is ripe for disposition.

The Court has reviewed plaintiff's arguments on the motion to reconsider and will decline to reconsider the Court's ruling on plaintiff's motion to add party defendants and amend first amended complaint.[1] In that regard, plaintiff's motion will be denied.

The Court turns to plaintiff's alternative motion for leave to voluntarily dismiss this action without prejudice under Rule 41(a)(2). Rule 41(a)(2) provides that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request

---

[1] The only new argument made by plaintiff is that the new CMO entered after new counsel entered for plaintiff included a deadline for motions to add parties and file amended pleadings and, as a result, plaintiff believes any such motions should necessarily be granted if timely filed. This is not the case, just as the deadline for filing dispositive motions does not necessarily mean a timely motion for summary judgment will be granted.

only by court order, on terms that the court considers proper." "The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit rests upon the sound discretion of the district court." *Beavers v. Bretherick*, 227 Fed.Appx. 518, 520 (8th Cir. 2007) (citing *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005)). "The factors a district court should consider when deciding whether to allow a voluntary dismissal include whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (citations omitted). "Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

Plaintiff candidly admits that he seeks dismissal of this action in order to re-file the claims in this case along with the new claims set forth in the previously proffered, and rejected, second amended complaint. Plaintiff is clearly seeking to avoid an adverse ruling in this matter. Plaintiff acknowledges that he can file a separate action for his new claims, but argues that it would be prejudicial to all parties and manifestly unjust.

Defendants oppose the dismissal arguing it would be prejudicial as they have put significant time and effort into this case, which has been pending for a significant time. Further, defendants argue that plaintiff should not be allowed to dismiss this action simply as a means to get around that Court's order denying plaintiff's motion to amend and add new defendants.

The Court finds that a dismissal would result in a waste of judicial time and effort and would be prejudicial to defendants. The prejudice suffered by defendants

2

would be more than the prejudice of the filing of a subsequent lawsuit.  It is in the parties' interests to have the claims in this case resolved in a timely manner.  Further, the Court finds that plaintiff's express reason for this dismissal, which is to get around this Court's prior ruling, is not a sufficient explanation to warrant a dismissal of these claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to add party defendants and amend first amended complaint, or in the alternative, for leave to dismiss without prejudice (ECF #60) is **DENIED**.

Dated this 20th day of May, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE